[Civ. No. 18382.   First Dist., Div. Two.   June 30, 1959.]

EDMUND P. DeMARTINI et al., Respondents, v. ARTHUR H. LAMB et al., Defendants; ELIZABETH LAMB, Appellant.

[Civ. No. 18781.   First Dist., Div. Two.   June 30, 1959.]

ELIZABETH L. LAMB, Petitioner, v. MUNICIPAL COURT, CENTRAL JUDICIAL DISTRICT OF MARIN COUNTY, Respondent; EDMUND P. DeMARTINI et al., Real Parties in Interest.

Fernhoff & Wolfe and Freitas, Allen, McCarthy & Bettini for Petitioner and Appellant.

Royal C. Handlos and Alfred E. Graziani for Respondents in No. 18382 and Real Parties in Interest in No. 18781.

Leland H. Jordan, County Counsel, for Respondent in No. 18781.

KAUFMAN, P. J.—We are here concerned with two proceedings arising out of the same transaction between the parties and concerning the same question. In the first, Number 18382, defendant Elizabeth Lamb (also known as Phyllis K. Lamb and Elizabeth Kent) appeals from a judgment in favor of the plaintiffs, DeMartini Brothers, in an action for declaratory relief. The second proceeding, Number 18781, relates to the trial of an action for unlawful detainer, filed by the plaintiffs, which we temporarily restrained by an alternative writ of prohibition. We will first dispose of the appeal, which is confined to certain alleged errors and inconsistencies in the findings of fact and conclusions of law.

In 1955, Elizabeth and her husband Arthur Lamb, owned several parcels of real property in Mill Valley, California, hereinafter referred to as the Bolsa Avenue property and the Oakdale Avenue property. In August 1955, the plaintiffs, who are licensed contractors, and the defendants entered into an oral agreement for the construction of a residence on the Bolsa Avenue property. There was a construction loan on the properties, but plaintiffs did not receive sufficient funds to continue construction and pay the subcontractors. Work ceased in December 1955. By this time plaintiffs had completed the foundation and the exterior work; only the interior trim remained.

January 5, 1956, the parties executed an agreement which set forth the conditions under which the construction of the Bolsa Avenue residence was to be resumed and completed. The agreement provided that complete title to the Bolsa

Avenue property be conveyed to the DeMartini Brothers as well as a second deed of trust on the Oakdale property in the amount of $12,000 and a first deed of trust in the amount of $4,500 on an unimproved lot for the period of one year from the date of the agreement. DeMartini Brothers was assigned the remaining loan payments and agreed to complete these, and to complete the work on the house as it saw fit as expeditiously and economically as possible, and to pay all costs involved in the construction, including labor, materials, insurance, taxes and interest on the loan. Defendants were given the right to purchase the Bolsa Avenue property at cost plus a fee of $2,000 for a period terminative 35 days after the completion of the building and the right to offer the Bolsa Avenue property for sale for $37,500, for a period terminating 35 days after completion. The agreement further provided:

"12. DeMartini Brothers agree that payment at any time for all outstanding obligations will release Arthur H. Lamb and Phylis K. Lamb from his agreement.

"13. DeMartini Brothers hereby agree to reconvey title and Deeds of Trust mentioned above to Arthur H. Lamb and Phylis K. Lamb upon payment of above indebtedness."

On the same date defendants executed the trust deed to the Oakdale Avenue properties to secure performance of the agreement, and a grant deed to the Bolsa Avenue property on January 26, 1956. Plaintiffs made certain changes in the Bolsa Avenue residence to suit themselves and make it more attractive to a prospective purchaser. Notice of completion was filed in March 1956. Plaintiffs paid property taxes and other obligations on the Bolsa Avenue property. In April 1956, defendants offered the Bolsa Avenue property for sale at $47,500 but did not obtain a purchaser. On May 29, 1956, plaintiffs filed their complaint in this action, seeking a determination of their rights under the agreement of January 5, 1956. Arthur Lamb died just before the trial, leaving no estate. Defendant offered no evidence at the trial.

The court made findings of fact and conclusions of law as follows: that the amount owing to the plaintiffs from the defendants was $27,452.75; that the grant deed to the Bolsa Avenue properties was given as security for the repayment of the debt; that the deed of trust was given to secure the sum of $16,500, and was a valid deed, and that the indebtedness matured on January 5, 1957; that the defendants were not entitled to any injunctive relief against the plaintiffs or the trustee in the deed of trust.

Defendant on appeal, disputes only that portion of the findings and judgment relating to the trust deed on the Oakdale Avenue property. She argues that: (1) the grant deed on the Bolsa Avenue property was given to secure all sums owed to the plaintiffs, and that no other sums were owing except the costs of constructing the Bolsa Avenue residence; (2) this grant deed to the Bolsa Avenue property was in effect a mortgage, and that the plaintiffs must first exhaust that security by foreclosure; (3) the trust deed on the Oakdale property was not given to secure $16,500, but only to secure a possible prospective deficiency if one should arise on the sale of the mortgaged Bolsa Avenue property; (4) the trust deed is void as an attempt to secure a possible future deficiency or to realize satisfaction by sale before the determination of such deficiency.

There is no merit to any of these contentions. The agreement of January 5, 1956, grant deed and deed of trust must be construed together, as plaintiffs point out. There is nothing in any of these instruments to indicate that under the terms of the agreement plaintiffs are required to first exhaust the security of the grant deed to the Bolsa Avenue property. Both instruments secured a single debt owing from defendant to plaintiffs. The deed of trust to the Oakdale Avenue property recites that it is made for the purpose of securing the performance of the agreement of January 5th. There is no evidence in support of defendant's contention that the deed of trust expired on January 5, 1958. By its terms the deed of trust does not expire until the agreement of January 5th has been performed. There is also no evidence to support defendants' contention that the trust deed was given only to secure a prospective deficiency if one should arise on the sale of the Bolsa Avenue property. The record fully supports the conclusions and finding of the trial court.

On December 3, 1958, plaintiffs filed in the municipal court a complaint for unlawful detainer seeking to gain possession of the Oakdale Avenue property under the trustee's deed discussed above. After the overruling of defendant's demurrer and special defense of a prior action, we issued an alternative writ of prohibition in Number 18781, prohibiting further proceedings pending the final determination of the appeal in Number 18382. Both proceedings were heard by this court on June 9, 1959.

As the superior court in Number 18382 first assumed jurisdiction over the rights of the parties to the Oakdale Avenue

properties, the bringing of the unlawful detainer action was premature and any further unlawful detainer proceedings must be stayed pending final determination of the appeal in Number 18382.

Peremptory writ of prohibition to issue in case Number 18781 staying unlawful detainer proceedings pending final determination of the appeal in Number 18382.

The judgment in Number 18382 is hereby affirmed.

Dooling, J., and Draper, J., concurred.